### DOLLAR et al. v. UNITED STATES et al.
### No. 12917.

United States Court of Appeals,
Ninth Circuit.

June 22, 1951.

548

———⧫———

Herman Phleger, Gregory A. Harrison, Moses Lasky, Alvin J. Rockwell and Brobeck, Phleger & Harrison, all of San Francisco, Cal., for appellants.

Holmes Baldridge, Asst. Atty. Gen., Edward H. Hickey, Attorney, Dept. of Justice, Washington, D. C., Philip H. Angell, Spc. Asst. to the Atty. Gen., San Francisco, Cal., Donald B. MacGuineas, William Holloway, Attys. Dept. of Justice, Washington, D. C., for appellee, United States.

Arthur B. Dunne, San Francisco, Cal., for appellee American President Lines, Ltd.

Lloyd W. Dinkelspiel and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for appellee Wells Fargo Bank & Union Tr. Co.

Frederick M. Fisk and Chickering & Gregory, all of San Francisco, Cal., for appellee Anglo Calif. Nat'l Bank of San Francisco.

Warner W. Gardner, Washington, D. C., Edward G. Chandler, San Francisco, Cal., for Ralph K. Davies, et al., as amicus curiae.

Before STEPHENS, HEALY and POPE, Circuit Judges.

PER CURIAM.

In this matter, which has been brought to this Court upon an appeal from an interlocutory injunction, we are now asked, in advance of and prior to any hearing upon the merits of the appeal, to vacate and set aside the trial court's preliminary injunction.

The questions which are before us present considerable difficulty. The difficulty arises out of the fact that although the Court of Appeals for the District of Columbia made certain determinations of fact and of law as between R. Stanley Dollar and others, and the successors of Land, et al., yet it appears to be recognized and conceded that such determinations were not binding upon the United States. It would seem to follow that the right of the United States to institute the action below cannot be questioned, nor do we understand that it is argued that the United States may not prosecute that action.

If the United States may prosecute the action, may it prosecute it as effectively as if there had been no prior litigation between Dollar and Land, or their successors? Or does the prior judgment of the Court of Appeals of the District of Columbia operate in some degree to limit the Government's freedom of action in prosecuting its suit commenced in California? May the trial court issue an interlocutory injunction designed to preserve the status quo? If it does so, must it withhold the impact of the temporary injunction until all of the acts ordered to be done by the District of Columbia Court have first been completed?

It is apparent that the Court of Appeals of the District of Columbia undertook to give rather definite answers to some of these questions in two orders in respect to which the Supreme Court granted certiorari on June 4, 1951. At the same time the Supreme Court continued on its docket a motion for reconsideration of its former denial of certiorari in Land v. Dollar, 341 U.S. 912, 71 S.Ct. 732.

When, in due course, the appeal from the interlocutory injunction is argued and submitted upon the merits, we shall, of course, have to determine some of these questions. The present motion is that we exercise our discretion to take action prior to that time. It is our view that we ought not to act thus summarily in view of the action taken by the Supreme Court on June 4 which will eventually lead to a more authoritative determination of these questions than it is possible for us to make.

The motion of appellants to vacate, set aside and stay preliminary injunction and order therefor, is denied.